MICHAEL ZARECKI et al.

*v.*

GUARANTEE REALTY COMPANY.

[Submitted January 2d, 1914.   Determined January 3d, 1914.]

1. In a suit to reform a written building contract for the erection of a building forty feet in depth instead of forty-four feet in depth as had been agreed upon, where it appeared that the complainants undoubtedly signed the contract believing it to be for a building forty-four feet in depth as previously agreed upon, and defendant's representatives either did the same or concealed the fact that they had observed the error, in either case the right to reform would obtain.

2. Evidence examined, and *Held* that complainants were entitled to a decree of reformation in accordance with the prayer of the bill.

On final hearing on bill to reform contract.

*Mr. Joseph B. Tyler* and *Mr. A. Moulton McNutt,* for the complainants.

*Messrs. Stackhouse & Kramer,* for the defendant.

LEAMING, V. C.

To entertain a substantial doubt touching the truth of the material averments of a bill of this nature is to deny the relief sought; but in this case I am convinced that there can be no real doubt touching the material facts. There is conflict of testimony of witnesses, but the truth is too obvious to be doubted.

The type-written translation of the contract which had been executed in the Polish language, as that contract had been interlined after its execution, was admittedly made the basis of the final contract. The interlineations in that type-written translation were undoubtedly determined upon at a conference

between Harry Varbalow, representing defendant company, and
complainant Michael Zarecki, assisted by Mr. Gulcz and Mr.
Cinkowski. The testimony of the two latter witnesses, who
have no pecuniary interest in this controversy, is that all the
modifications of the type-written translation which were then
agreed upon were embodied in it by erasures and interlineations,
and that a modification of the depth of the building was neither
agreed upon nor even suggested. The contract that was agreed
upon on that occasion was undoubtedly the type-written transla-
tion as modified by ink erasures and interlineations made at
that time. Both of these witnesses have also testified that they
then retyped this interlined document with a purpose to ac-
curately reproduce it; that one dictated while. the other op-
erated the typewriter, and that by error of one of them—and
not by intention—the depth of the building was made forty
instead of forty-four feet. If this is true—and of its truth
there can be no real doubt—the idea of a building forty feet in
depth, or of any depth except forty-four feet, never formed any
part of the negotiations or entered the minds of any of the par-
ties prior to the meeting at which the signatures were affixed
to the contract. At that meeting the parties undoubtedly met
with a mutual purpose to execute a contract for a building forty-
four feet in depth, as previously agreed upon. Whether the
contract was read at that meeting or not is of little importance,
for it is inconceivable that complainants at that time volun-
tarily and knowingly waived four feet of the depth of the build-
ing as already agreed upon without comment or protest, and
if defendant's representatives at that time observed the change
in the depth of the building, it was their plain duty, under the
then existing circumstances, to call complainants' attention to
that change. Complainants undoubtedly signed the contract
believing it to be for a building forty-four feet in depth as had
been previously agreed upon; defendant's representatives either
did the same or concealed the fact that they had observed the
error. In either case the right of reformation would obtain.
*Simpson Plumbing Co.* v. *Geschke,* 76 *N. J. Eq.* (6 *Buch.*)
*475, 478; S. C. on appeal, 78 N. J. Eq. (8 Buch.) 306.*

There is conflict of testimony touching the subsequent conduct of the parties which might well cause a court to hesitate in granting the form of relief here sought if that relief were to any considerable extent dependent upon confidence in the testimony of complainant Michael Zarecki. But I do not believe the testimony of either Mr. Goldstein or Mr. Zarecki touching those matters. The truth touching those transactions is reasonably obvious; it is not, in my judgment, as stated by either party to the transactions.

I will advise a decree of reformation in accordance with the prayer of the bill.